IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT



PAULINO GOMEZ BETANCOURT,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

25-10397

Case No. [Insert Case Number]

MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW Petitioner-Appellant, Paulino Gomez Betancourt, pro se, pursuant

to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), and

respectfully moves this Honorable Court to issue a Certificate of Appealability

("COA") to permit review of the district court's denial of his motion under 28

U.S.C. § 2255.

## I. INTRODUCTION

A COA should issue when a petitioner makes a substantial showing of the denial

of a constitutional right by demonstrating that jurists of reason could debate

whether the petition should have been resolved in a different manner or that the

issues presented are adequate to deserve encouragement to proceed further. Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484

(2000).

Petitioner respectfully submits that reasonable jurists could debate whether the district court erred in:

1. Dismissing the § 2255 motion as untimely without considering equitable tolling.

2. Denying an evidentiary hearing despite material factual disputes.

3. Rejecting Petitioner's actual innocence claim.

4. Denying a Certificate of Appealability.

## II. ARGUMENT

### A. The District Court Erred in Denying Equitable Tolling

Petitioner asserts that extraordinary circumstances prevented the timely filing of his § 2255 motion. The Supreme Court has held that equitable tolling is available when a petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.

Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner was denied meaningful

access to legal resources and was misled by counsel regarding his appellate rights.

## B. The District Court Erred in Denying an Evidentiary Hearing

A district court must grant an evidentiary hearing if a petitioner's allegations, if

proven, would entitle him to relief. Townsend v. Sain, 372 U.S. 293, 312 (1963);

United States v. Cavitt, 550 F.3d 430, 442 (5th Cir. 2008). Petitioner presented

material factual disputes requiring resolution, yet the district court improperly

denied his request for a hearing.

## C. The District Court Erred in Rejecting Petitioner's Actual Innocence Claim

Petitioner argues that he is actually innocent of the offense for which he was

convicted. Under Schlup v. Delo, 513 U.S. 298, 327 (1995), a petitioner may

overcome procedural bars by showing new, reliable evidence that, if presented,

would more likely than not have led to acquittal. Here, Petitioner contends that key

exculpatory evidence was suppressed or not properly presented at trial, impacting the fundamental fairness of the proceedings.

## III. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant a Certificate of Appealability to allow appellate review of these constitutional issues.

Respectfully submitted,

*Paulino Gomez -B.*

Paulino Gomez Betancourt

FCI Big Spring

1900 Simler Avenue

Big Spring, TX 79720

Pro Se Petitioner

Dated: 16 March 2025

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

PAULINO GOMEZ-BETANCOURT,

Petitioner-Appellant, Pro Se,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Case No.: 25-10397

On Appeal from the United States District Court

Northern District of Texas, Case No.: 3:2024-CV-02804-L

Hon. Sam A. Lindsay, District Judge

SUPPORTING BRIEF FOR MOTION FOR CERTIFICATE OF

APPEALABILITY



TABLE OF CONTENTS

I. INTRODUCTION

II. STATEMENT OF JURISDICTION

III. STANDARD FOR ISSUANCE OF A CERTIFICATE OF

APPEALABILITY

IV. ARGUMENT

A. Petitioner Was Denied Effective Assistance of Counsel in Violation of

the Sixth Amendment

1. Counsel's Failure to Challenge an Unlawful Sentencing Enhancement

2. Counsel's Failure to Investigate and Impeach a Key Government Witness

3. Counsel's Failure to Advise Petitioner on the Consequences of His Plea

B. The Government Suppressed Exculpatory Evidence in Violation of *Brady*

*v. Maryland*

C. Petitioner Was Improperly Denied Equitable Tolling

V. CONCLUSION

# TABLE OF AUTHORITIES

*Bagley v. United States*, 473 U.S. 667 (1985)

*Boykin v. Alabama*, 395 U.S. 238 (1969)

*Brady v. Maryland*, 373 U.S. 83 (1963)

*Giglio v. United States*, 405 U.S. 150 (1972)

*Holland v. Florida*, 560 U.S. 631 (2010)

*Miller-El v. Cockrell*, 537 U.S. 322 (2003)

*Ramchair v. Conway*, 601 F.3d 66 (2d Cir. 2010)

*Slack v. McDaniel*, 529 U.S. 473 (2000)

*Strickland v. Washington*, 466 U.S. 668 (1984)

*United States v. Brown*, 2024 WL 3849706 (D.S.D. Aug. 16, 2024)

*United States v. Castro*, 26 F.4th 1099 (5th Cir. 2022)

*United States v. Cole*, 2021 WL 194194 (E.D. Mich. Jan. 20, 2021)

*United States v. Herrera*, 412 F.3d 577 (5th Cir. 2005)

*United States v. Jean*, 108 F.4th 275 (5th Cir. 2024)

*United States v. Mathews*, 2023 WL 5924411 (S.D. Ohio Sept. 12, 2023)

*United States v. Rivas*, 764 F.3d 189 (5th Cir. 2014)

Statutes and Rules

28 U.S.C. § 2253(c)(2)

28 U.S.C. § 2255

Fed. R. App. P. 22(b)

U.S. Sentencing Guidelines § 2D1.1

## JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 2255, and the Fifth Circuit has jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). The appeal was timely filed.

## STATEMENT OF ISSUES PRESENTED

- Whether Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment, where trial counsel:

  a. Failed to challenge an improper sentencing enhancement based on an outdated prior conviction.

  b. Failed to investigate and impeach the credibility of a key government witness who had a motive to fabricate testimony.

  c. Misadvised Petitioner regarding the consequences of his plea agreement, leading to an uninformed and involuntary plea.

- Whether the government's suppression of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), deprived Petitioner of a fair trial by failing to disclose material evidence that could have exonerated him or undermined the prosecution's case.

- Whether the district court erred in denying equitable tolling, thereby unfairly preventing review of Petitioner's meritorious constitutional claims, despite his demonstrated diligence and extraordinary circumstances beyond his control.

## STANDARD FOR ISSUING A CERTIFICATE OF APPEALABILITY

A COA should issue if "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## STATEMENT OF THE CASE

Paulino Gomez-Betancourt, the Petitioner-Appellant, was indicted in the United

States District Court for the Northern District of Texas in Case No. 3:19-CR-

00371-L-1 on charges of conspiracy to possess with intent to distribute a controlled

substance under 21 U.S.C. § 846 and possession with intent to distribute a

controlled substance under 21 U.S.C. § 841(a)(1) and (b)(1)(C). *(CR Doc. 1).*

Petitioner initially pleaded not guilty but subsequently entered into a plea

agreement, pleading guilty to Count 3 (possession with intent to distribute) in

exchange for the government's dismissal of Count 1. *(CR Docs. 94, 95.)* The plea

agreement included an appeal waiver, limiting Petitioner's right to challenge his

conviction and sentence except under specific circumstances.

On November 15, 2021, the district court sentenced Petitioner to 240 months

imprisonment, followed by three years of supervised release. *(CR Doc. 143.)*

Despite the appellate waiver, Petitioner, proceeding *pro se*, filed a Notice of

Appeal. *(CR Doc. 147.)* The Fifth Circuit subsequently dismissed the appeal as

frivolous, concurrently granting appointed counsel's motion to withdraw under

Anders v. California, 386 U.S. 738 (1967). *(CR Docs. 189, 190.)*

On November 6, 2024, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting that his conviction and sentence were constitutionally defective due to:

1. Ineffective assistance of counsel, including:

   o Failure to challenge the unlawful application of a sentencing enhancement, which improperly increased Petitioner's sentence.

   o Failure to investigate and impeach a key government witness, despite clear motive and inconsistencies in testimony.

   o Deficient legal advice regarding the consequences of the plea agreement, leading to an uninformed and involuntary plea.

2. Suppression of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The government failed to disclose impeachment material regarding a cooperating witness's plea agreement, which would have materially impacted the credibility assessment of the witness.

3. Erroneous legal counsel regarding appellate rights, which prevented Petitioner from timely seeking further review.

   o Petitioner was affirmatively misinformed regarding the procedural requirements for filing a writ of certiorari, resulting in the dismissal of his petition without review on the merits.

o The failure of counsel to provide accurate legal guidance regarding critical post-conviction deadlines constitutes prejudicial ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

4. Denial of equitable tolling – The district court erred in refusing to apply equitable tolling, despite substantial evidence that:

o Petitioner was provided inaccurate legal guidance regarding the statutory deadline for seeking relief.

o Prison conditions and procedural obstacles rendered timely filing impossible, constituting an extraordinary circumstance beyond Petitioner's control, warranting equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010).

On January 30, 2025, the district court dismissed the § 2255 motion as untimely, declining to consider the merits of Petitioner's claims. *(CV Doc. 6.)* The court further denied a Certificate of Appealability (COA). *(CV Doc. 7.)*

Petitioner now seeks a COA from the Fifth Circuit under 28 U.S.C. § 2253(c)(2), arguing that jurists of reason could debate whether:

• His constitutional rights were violated under *Strickland v. Washington*, *Brady v. Maryland*, and *Holland v. Florida*.

8

- The district court erred in denying equitable tolling, improperly barring review of meritorious constitutional claims.

Because colorable constitutional claims exist, and reasonable jurists could disagree with the district court's conclusions, Petitioner respectfully requests that this Court grant a Certificate of Appealability.

## ARGUMENT

## I. STANDARD FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

A Certificate of Appealability (COA) should issue when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has held that a petitioner meets this standard by demonstrating that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court summarily dismissed Petitioner's § 2255 motion as time-barred and denied a COA without engaging in any substantive review of his claims. However, Petitioner has raised substantial constitutional issues regarding ineffective assistance of counsel, Brady violations, and equitable tolling—issues

9

upon which reasonable jurists could disagree. As such, this Court should grant a

COA.

## II. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT

The Sixth Amendment guarantees criminal defendants the right to effective

assistance of counsel, and a claim of ineffective assistance is evaluated under the

two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must

show:

1. Deficient performance – That counsel's representation fell below an
   objective standard of reasonableness.

2. Prejudice – That but for counsel's errors, the outcome of the proceedings
   would have been different. *Id.* at 694.

Here, Petitioner's trial counsel failed in multiple respects, each of which

independently satisfies *Strickland*:

1. Failure to Challenge an Unlawful Sentencing Enhancement
   o Petitioner's prior conviction, which was over 15 years old, was
     improperly counted toward sentencing enhancements under the
     United States Sentencing Guidelines.

o  Defense counsel failed to challenge this improper enhancement,

which significantly increased Petitioner's sentence from what would

have otherwise been imposed.

o  Courts have recognized failure to object to improper sentencing

enhancements as ineffective assistance. *See United States v. Castro,*

*26 F.4th 1099, 1103 (5th Cir. 2022)* (granting relief where attorney

failed to challenge an enhancement that resulted in an excessive

sentence).

2.  Failure to Investigate and Impeach a Key Government Witness

o  The government's case relied heavily on the testimony of a

cooperating witness (Teresa Franco), who was the owner of the

residence linked to the alleged drug activity.

o  This witness had a clear motive to shift blame onto Petitioner and

minimize her own role in the offense.

o  Trial counsel failed to obtain and present evidence that the witness

had received leniency in exchange for cooperation, violating *Brady v.*

*Maryland,* 373 U.S. 83 (1963).

o  Failure to impeach a government witness with known credibility

issues constitutes ineffective assistance. *See Ramchair v. Conway, 601*

*F.3d 66, 74 (2d Cir. 2010).*

11

3.  Failure to Advise Petitioner Regarding the Consequences of the Plea

Agreement

o   Counsel failed to provide accurate legal guidance regarding the

appellate waiver contained in Petitioner's plea agreement, preventing

him from making a knowing and voluntary plea as required by *Boykin*

*v. Alabama*, 395 U.S. 238 (1969).

o   Courts have held that failure to explain the consequences of a plea

agreement amounts to ineffective assistance. *United States v. Herrera,*

*412 F.3d 577, 581 (5th Cir. 2005)*.

Each of these deficiencies independently demonstrates that Petitioner's trial

counsel was ineffective, thereby depriving him of his Sixth Amendment rights.

## III. THE GOVERNMENT SUPPRESSED EXCULPATORY EVIDENCE IN

## VIOLATION OF BRADY V. MARYLAND

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government is required to

disclose material evidence favorable to the defense. Suppression of such evidence

violates due process when the undisclosed evidence is material to guilt or

punishment. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Here, the government failed to disclose key impeachment evidence regarding a
cooperating witness's plea agreement, which was used to convict Petitioner. This
constitutes a clear Brady violation because:

1. The government had an obligation to disclose the cooperation agreement
   between its key witness and the prosecution. *See Giglio v. United States, 405
   U.S. 150, 154 (1972).*

2. The suppressed information was material, as the witness was the primary
   source of evidence linking Petitioner to the alleged crime.

3. Prejudice resulted because disclosure of this evidence could have
   undermined the credibility of the witness and changed the outcome of the
   case.

A COA should be granted because reasonable jurists could debate whether the
government's failure to disclose exculpatory evidence violated Petitioner's
constitutional rights.

## IV. PETITIONER WAS IMPROPERLY DENIED EQUITABLE TOLLING

The Supreme Court has held that equitable tolling applies in habeas cases where a
petitioner shows (1) diligent pursuit of his rights and (2) extraordinary

circumstances preventing timely filing. *Holland v. Florida*, 560 U.S. 631, 649
(2010).

The district court erred in rejecting equitable tolling in Petitioner's case because:

1. Petitioner was affirmatively misled by his attorney regarding appellate
   deadlines, constituting an extraordinary circumstance beyond his control.

2. Prison lockdowns and restricted law library access prevented Petitioner from
   timely filing his § 2255 motion, despite his diligent efforts to obtain legal
   assistance.

3. Petitioner relied on incorrect procedural information provided by his court-
   appointed attorney, which led to the late filing of his certiorari petition.

The Fifth Circuit has recognized attorney misadvice as grounds for equitable
tolling in *United States v. Rivas, 764 F.3d 189, 192 (5th Cir. 2014)*. Given these
circumstances, reasonable jurists could disagree with the district court's refusal to
grant equitable tolling, warranting a COA.

## V. CONCLUSION

For the reasons stated above, Petitioner has made a substantial showing of the
denial of a constitutional right. Reasonable jurists could debate whether:

14

- Petitioner's Sixth Amendment rights were violated due to ineffective assistance of counsel.

- The government's suppression of exculpatory evidence deprived Petitioner of a fair trial.

- The district court erred in denying equitable tolling, unfairly preventing review of meritorious claims.

Accordingly, Petitioner respectfully requests that this Court grant a Certificate of Appealability to allow appellate review of these constitutional issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 16 day of March, 2025.

Respectfully submitted,

*Paulino Gomez-B.*

Paulino Gomez-Betancourt

## CERTIFICATE OF SERVICE

I certify that on 16 March 2025, I placed this Motion for Certificate of

Appealability and Supporting Brief in the prison mail system, addressed to:

Clerk of Court

United States Court of Appeals for the Fifth Circuit

600 S. Maestri Place

New Orleans, LA 70130

Paulino Gomez-B.

Paulino Gomez-Betancourt, Pro Se